Filed 1/21/21  P. v. Jimenez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARTURO JIMENEZ,<br><br>        Defendant and Appellant. | E075142<br><br>(Super.Ct.No. FSB19004044)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed with directions.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Arturo Jimenez pled no contest to possession of ammunition by a prohibited person (Pen. Code, § 30305, subd. (a)(1), count 2)[1] and grand theft from the person of another (§ 487, subd. (c), count 7). Defendant additionally admitted that he had suffered a prior strike conviction. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) Pursuant to the plea agreement, the court sentenced defendant to an aggregate term of five years four months of imprisonment.

After a notice of appeal was filed, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts and a statement of the case. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

The victim testified he drove his vehicle to a liquor store, where defendant approached him and asked for a ride. The victim agreed to give defendant a ride. Defendant then called over a woman, and they both entered the victim's vehicle.

When they arrived at the location to which defendant had requested the ride, defendant began choking the victim. Defendant said, "'Give me your money.'" Defendant also told the woman to go through the victim's pockets. She reached into the victim's pockets and removed his credit and bank cards.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The parties stipulated that the police report and preliminary hearing transcript would provide the factual basis for the plea. As part of the plea agreement, defendant executed a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 as to the dismissed counts.

The victim exited the vehicle and told people at the adjacent store that defendant was trying to steal his vehicle. The victim began to struggle with defendant to prevent him from taking his car. Defendant drove off, dragging defendant across the parking lot. The victim fell to the ground and defendant ran over the victim's foot. Defendant and the woman drove off in the victim's vehicle.

Several weeks later, an officer located the victim's vehicle. The officer's partner detained defendant and the woman nearby. Defendant had the key to the victim's vehicle in his pocket. Defendant admitted driving the vehicle that day. An officer found a backpack in the back seat of the vehicle containing two loaded magazines; each magazine contained seven bullets.

Police notified the victim that they had found his vehicle and took him to the location. The vehicle had a cracked windshield and two dents, which were not there before. The transmission was also damaged.

The People charged defendant by felony information with carjacking (§ 215, subd. (a), count 1), possession of ammunition by a prohibited person (§ 30305, subd. (a)(1), count 2), misdemeanor receiving stolen property (§ 496, subd. (a), count 4), vandalism under $400 in damage-graffiti (§ 594, subd. (a), count 5), and second degree robbery (§ 211, count 6). The People additionally alleged defendant had suffered a prior strike conviction. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)

3

Pursuant to a plea bargain, defendant pled no contest to an added count of grand theft from the person of another (§ 487, subd. (c), count 7) and possession of ammunition by a prohibited person (§ 30305, subd. (a)(1), count 2). Defendant additionally admitted that he had suffered a prior strike conviction. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) In return, the remaining counts were dismissed. Pursuant to the plea agreement, the trial court sentenced defendant to an aggregate term of imprisonment of five years four months consisting of the following: the midterm of two years on the count 7 offense, doubled pursuant to the prior strike conviction enhancement, plus a consecutive eight months, one-third the midterm, on the count 2 offense, doubled pursuant to the prior strike conviction enhancement.[3]

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

---

[3] The abstract of judgment and sentencing minute order erroneously fail to reflect that the court imposed sentence pursuant to the prior strike conviction enhancement. Thus, they both incorrectly reflect the court imposed a midterm of four years on the count 7 offense with no reference to the prior strike conviction enhancement. We shall direct the trial court to correct the abstract of judgment and sentencing minute order. (*People v. Jones* (2012) 54 Cal.4th 1, 89 ["When an abstract of judgment does not reflect the actual sentence imposed in the trial judge's verbal pronouncement, [appellate courts have] the inherent power to correct such clerical error on appeal, whether on our own motion or upon application of the parties."].)

## III.  DISPOSITION

The trial court is directed to correct the abstract of judgment and sentencing minute order to reflect that the sentence imposed was pursuant to sections 1170.12, subdivisions (a)-(d), and 667, subdivisions (b)-(i).  The superior court clerk is directed to forward a copy of the corrected abstract of judgment and sentencing minute order to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:


CODRINGTON

J.


MENETREZ

J.

5